OPINION
{¶ 1} This appeal has been taken from a final judgment of the Portage County Court of Common Pleas, Domestic Relations Division. Appellant, David E. Zamos, now seeks the reversal of the trial court's determination that he owes appellee, Ann H. Zamos, the sum of $7,262.72 for arrearages in the payment of child support. As the sole basis for the appeal, appellant asserts that the procedure followed by the trial court in rendering its decision resulted in a violation of his rights to due process.
 {¶ 2} The underlying proceeding is a divorce action which was originally filed in 1989. After the final divorce decree had been issued in 1991, the parties continued to submit a significant number of motions throughout the 1990s. The majority of these motions pertained to the parties' two children, and raised such issues as custody, visitation, and the payment of support.
 {¶ 3} In February 2002, appellant moved the trial court to compel the Portage County Child Support Agency to conduct a complete review of its records as to his payment of child support since the inception of the divorce action. One month later, appellant filed a memorandum in support of this motion, essentially contending that the child support agency had made certain errors in calculating the amount of support owed immediately after the release of the divorce decree in 1991. Based upon this, appellant argued that there was a distinct possibility that he had made certain "overpayments" which could be deducted from his current support obligation.
 {¶ 4} The motion to compel was referred to a court magistrate for consideration. On March 27, 2002, the magistrate rendered an order in which he found that appellant's motion had merit. In light of this, the magistrate recommended that the child support agency be required to submit to the trial court a complete record of appellant's payment history. Although the magistrate made his decision within forty days of the filing of the motion, the trial court did not immediately consider the matter.
 {¶ 5} During the same time frame, appellee submitted a motion to modify appellant's support obligation in relation to the parties' sole remaining minor child. This new matter was also referred to the magistrate for review. After conducting an evidentiary hearing on the motion, the magistrate issued a separate decision in June 2002. As part of this decision, the magistrate found that appellant's yearly income was $22,600. Based upon this, the magistrate recommended that appellant's monthly support obligation be set at $310.99.
 {¶ 6} Both sides filed objections to the magistrate's "support" decision, challenging his finding as to the amount of yearly income. On March 24, 2003, the trial court rendered a judgment in which it concluded that the magistrate had properly imputed to appellant additional income of $11,000 more than what he had declared on his 2001 tax returns. In light of this conclusion, the trial court overruled the objections of both sides; however, the court did not make a specific ruling concerning the amount of child support appellant would now be required to pay.
 {¶ 7} At the conclusion of the foregoing judgment, the trial court did state that its ruling upon the objections was intended to resolve all pending matters in the case at that time. As a result, the trial court indicated that it was overruling any pending motion which had not been expressly considered. As to this point, the court also stated that this aspect of the judgment was not intended to foreclose the possibility that a party could resubmit a motion which had not been considered on the merits.
 {¶ 8} No further action was taken in regard to the "child support" issue until October 13, 2004. Even though neither side had filed any new submissions on the matter since the March 2003 judgment, the trial court released a new judgment on that date. As part of this new entry, the trial court expressly ordered appellant to pay child support in the amount of $226.95 per month.
 {¶ 9} Approximately one month later, appellee moved the trial court for an order which would require appellant to pay arrearages on his child support obligation. In support of this particular motion, appellee noted that, in its October 2004 judgment, the court had stated that the new support obligation would be retroactive to March 2002 when she had submitted her motion to modify the amount of support. Appellee further stated that, since appellant had not paid any support since March 2002, he now owed arrearages in the amount of $7,262.72.
 {¶ 10} On November 19, 2004, only four days after appellee had filed her "arrearages" motion, the trial court rendered a new judgment in which it found that good cause had been shown for the payment of arrearages. Therefore, the trial court granted appellee's motion and ordered appellant to pay the amount as calculated by appellee. This new judgment was released before appellant had submitted any response concerning the "arrearages" issue.
 {¶ 11} In appealing the arrearages determination to this court, appellant has assigned the following as error:
 {¶ 12} "[1.] The trial court erred to the prejudice of defendant-appellant by granting plaintiff-appellee's motion on arrearages without granting appellant notice of a hearing and an opportunity to be heard and violating his due process rights.
 {¶ 13} "[2.] The trial court erred to appellant's prejudice by granting appellee's motion on arrearages without complying with the seven-day notice requirement of Civil Rule 6(D)."
 {¶ 14} Although appellant has asserted two assignments in his appellate brief, he has actually raised only one argument for this court's consideration. Appellant contends that the trial court's decision on the "arrearages" issue must be reversed because his basic rights to due process were violated before the judgment was rendered. Specifically, he maintains that, by making its decision only four days after appellee filed the motion, the trial court did not give him the opportunity to receive notice of the motion and submit the necessary response. In addition, appellant states that, if he had been given the chance to respond, he would have reasserted his argument that he was essentially entitled to credit for certain overpayments he had previously made on his child support obligation.
 {¶ 15} In support of the foregoing argument, appellant submits that his right to respond to the arrearages motion was controlled by Civ.R. 6(D). This rule provides, in pertinent part:
 {¶ 16} "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application."
 {¶ 17} In applying Civ.R. 6(D) and local rules of court governing the timing of a trial court's consideration of a written motion after its submission, this court has specifically concluded that the failure to abide by the time requirements of such rules constitutes a violation of due process. For example, in Rendina v. Rendina (Feb. 28, 1992), 11th Dist. No. 91-L-019, 1992 Ohio App. LEXIS 828, the trial court issued its decision on a motion for fees only three days after it had been filed by a guardian ad litem. In holding that the action had to be remanded so that the husband in the divorce proceeding could have an opportunity to file a response, this court stated:
 {¶ 18} "Due process mandates that a party shall have adequate notice of a proposed action as well as an opportunity to be heard. The within judgment was rendered without an opportunity to be heard and essentially without notice.
 {¶ 19} "There can be no judicial discretion or authority in determining when adequate notice is required or appropriate. Certainly, as in the case at hand wherein a monetary judgment was rendered against appellant, notice and an opportunity to be heard are an integral part of due process.
 {¶ 20} "The notice to appellant through a signed entry of the judgment against him was insufficient. The opportunity to be heard was nonexistent. This cannot be said to comply with the due process requirements as contemplated by the United States or Ohio Constitutions and does not comport with the procedural standards established by the Ohio Rules of Civil Procedure * * *." Id. at *6-7.
 {¶ 21} This court reached a similar result in In re: Marquez (Nov. 22, 1996), 11th Dist. No. 96-G-1976, 1996 Ohio App. LEXIS 5232, a case in which the trial court granted a motion for fees only one day after it had been filed. Furthermore, we would emphasize that the application of theRendina analysis would not be affected by the nature of the pending motion. In Bright v. Bright (Feb. 10, 1995), 3rd Dist. No. 14-94-38, 1995 Ohio App. LEXIS 720, the pending motion raised the question of whether the mother should be designated as the residential parent. The Third Appellate District concluded that the father's right to due process was violated when he had not been given the seven-day notice of a change in the date of the hearing on the motion.
 {¶ 22} In the instant case, a review of the trial record confirms that the trial court issued the decision on appellee's new motion only four days after it had been filed. The record further shows that appellee's motion did not contain any statement indicating that an ex parte determination was necessary in order to adequately protect her rights. Moreover, in responding to appellant's argument before this court, appellee has not asserted that any local rule of the Portage County Court of Common Pleas would be controlling over Civ.R. 6(D) in this instance; in fact, she has conceded that appellant's basic argument on the notice issue has merit. Finally, the record before us readily indicates that a final decision on the merits of appellant's "overpayment" argument was never made when it was first raised in February 2002.
 {¶ 23} Given the foregoing circumstances, it follows that the seven-day requirement of Civ.R. 6(D) was applicable to appellee's arrearages motion. That is, the trial court was required under the rule to give appellant seven days to respond prior to going forward on the motion. Since the trial court failed to do so, our prior holding inRendina dictates that appellant was denied due process in relation to the "arrearages" issue. Regardless of whether appellant ultimately has a valid defense to the payment of arrearages, he must be given a fair opportunity to be heard on the matter before a final determination is made.
 {¶ 24} Pursuant to the foregoing analysis, both of appellant's assignments of error have merit. It is the order of this Court that the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is reversed, and the matter is hereby remanded for further proceedings consistent with this opinion.
O'Neill, J. and O'Toole, J., concur.