OPINION
{¶ 1} Defendant-appellant, Jermal R. Towler, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his petition for postconviction relief. Because the trial court did not err in dismissing defendant's petition, we affirm the judgment of the trial court.
 {¶ 2} On April 11, 2003, defendant was indicted on one count of aggravated murder in violation of R.C. 2903.01, with a firearm specification under R.C. 2941.145. The indictment arose from the August 10, 2002 shooting death of Channing Allen. Defendant was tried by jury in January 2004 and found guilty of aggravated murder, including the firearm specification. Defendant was sentenced to 20 years to life in prison, with an additional three years for use of a firearm. Defendant appealed to this court, arguing that the judgment was not supported by sufficient evidence and was against the manifest weight of the evidence. InState v. Towler, Franklin App. No. 04AP-141, 2004-Ohio-6445, this court affirmed the judgment of the trial court. Defendant pursued an appeal with the Supreme Court of Ohio. However, review was denied on April 13, 2005.
 {¶ 3} On August 17, 2004, while defendant's direct appeal was pending, he filed a petition for postconviction relief pursuant to R.C. 2953.21. Defendant also filed a motion for the appointment of counsel and a motion for expert assistance. In his petition for postconviction relief, defendant alleged ineffective assistance of counsel, prosecutorial misconduct, and that there was insufficient evidence to support a conviction. On September 9, 2004, the state filed a motion to dismiss defendant's petition for postconviction relief. On March 14, 2005, the trial court dismissed defendant's petition for postconviction relief, denied his motion for appointment of counsel, and denied his motion for expert assistance.
 {¶ 4} Defendant appeals and has set forth the following two assignments of error:
I. The trial court erred when it failed to hold an evidentiary hearing on post-conviction relief pursuant to Ohio Revised Code §2953.21(C).
II. The trial court erred when it denied petitioner's claim of prosecutorial misconduct.
 {¶ 5} As a preliminary matter, we observe that defendant has attached to his merit and reply appellate briefs "informational summaries" of police interviews of Patrice "Peaches" Palmer and Arthur Whitehead. These informational summaries were not submitted in support of defendant's petition for postconviction relief, nor are they otherwise part of the record. As such, we will not consider them in this appeal. See Chickey v. Watts,
Franklin App. No. 04AP-818, 2005-Ohio-4974, ¶ 14 ("[a]ppellate review is limited to the record as it existed at the time the trial court rendered its judgment").
 {¶ 6} Under his first assignment of error, defendant argues that the trial court erred in not holding an evidentiary hearing on his petition for postconviction relief and in denying said petition. A petition for postconviction relief is a statutory vehicle designed to correct the violation of a defendant's constitutional rights. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, ¶ 28. More specifically, R.C. 2953.21, which governs petitions for postconviction relief, provides a procedure for a person convicted of a criminal offense to claim that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio or United States Constitutions. Although designed to address claimed constitutional violations, the postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v. Calhoun (1999), 86 Ohio St.3d 279, 281;State v. Steffen (1994), 70 Ohio St.3d 399, 410. A petition for postconviction relief thus does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. State v. Jackson (1980), 64 Ohio St.2d 107, 110.
 {¶ 7} Pursuant to R.C. 2953.21(C), before granting an evidentiary hearing on the petition, "the court shall determinewhether there are substantive grounds for relief." Calhoun,
at 282 (emphasis sic). In order to be entitled to a hearing on a petition for postconviction relief that alleges ineffective assistance of counsel, "the petitioner bears the initial burden * * * to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." Jackson, at 111.
 {¶ 8} In Calhoun, at 284, the Supreme Court of Ohio held that, "in reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." The Calhoun court added, "[t]o hold otherwise would require a hearing for every postconviction relief petition." Id. Factors that a trial court should consider in this determination include, but are not limited to:
(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.
Id. at 285.
 {¶ 9} Additionally, "where a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential." Id. at 284.
 {¶ 10} As stated above, in his petition for postconviction relief, defendant alleged ineffective assistance of counsel. More specifically, defendant alleged that his trial counsel, Mark Hunt, was ineffective because he did not call Peaches or Mr. Whitehead as witnesses at trial or present statements those persons made to the police.
 {¶ 11} In order to establish ineffective assistance of counsel, defendant must meet the two-part test outlined inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. First, defendant must demonstrate that his trial counsel's performance was deficient. Namely, defendant must show "that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. A court reviewing an ineffective assistance of counsel claim must determine whether, under the circumstances, the acts or omissions were "outside the wide range of professionally competent assistance." Id. at 690. "Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." State v. Treesh (2001), 90 Ohio St.3d 460,490.
 {¶ 12} Second, in order for defendant to establish ineffective assistance of trial counsel, he must demonstrate that the deficient performance prejudiced him. This requires defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."Strickland, at 687. In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 {¶ 13} In support of his petition for postconviction relief, defendant submitted two affidavits signed by himself, as well as affidavits signed by Dennis Pusateri, his counsel in the direct appeal to this court, and John W. Forester. However, defendant did not submit any affidavit signed by either Peaches or Mr. Whitehead.
 {¶ 14} In regard to defendant's own affidavits, the trial court exercised its sound discretion and applied the factors outlined in Calhoun in order to assess whether to accept defendant's affidavits as true statements of fact. In this regard, the trial court observed that the judge reviewing defendant's postconviction petition presided over defendant's trial and sentencing, his affidavits are self-serving, and are almost completely based on hearsay. Upon reviewing defendant's affidavits, the trial court found them to lack credibility.
 {¶ 15} Mr. Pusateri averred in his affidavit that Mr. Hunt, defendant's trial counsel, informed him that he had seen statements from Peaches and Mr. Whitehead, and that "those statements, as given, were exculpatory to Jermal Towler." (June 14, 2004 Affidavit of Dennis Pusateri.) As noted by the trial court, Mr. Pusateri's statement constitutes hearsay, as it was based on Mr. Hunt's out-of-court statement.
 {¶ 16} Mr. Forester averred in his affidavit that he overheard a conversation between defendant and Mr. Whitehead, which occurred at the Ross Correctional Institution. According to Mr. Forester, Mr. Whitehead informed defendant that, after the shooting, Lamont Crenshaw told him and Peaches to move the victim's body to the alley adjacent to the residence where the victim was shot, thereby placing Mr. Crenshaw at the scene after the shooting. The trial court noted that, just as Mr. Pusateri's affidavit, Mr. Forester's affidavit was based on hearsay.
 {¶ 17} Even accepting the information in Mr. Pusateri's and Mr. Forester's affidavits as true, defendant failed to demonstrate any constitutional error entitling him to a hearing. Mr. Pusateri's affidavit does not detail why the statements of Peaches and Mr. Whitehead were "exculpatory." Nonetheless, Mr. Forester averred in his affidavit that Mr. Whitehead had informed defendant that he and Peaches were told by Mr. Crenshaw to move the victim's body after the shooting. Mr. Crenshaw testified at trial that, upon hearing gunshots, he jumped out the front upstairs window of the residence where the victim was shot, went to a neighbor's yard, and did not go back for the victim or wait for the police. Thus, the evidence that Mr. Crenshaw was at the scene after the shooting and instructed Peaches and Mr. Whitehead to move the victim's body would have conflicted with Mr. Crenshaw's testimony as to his actions after the shooting. However, it would not have contradicted the evidence that defendant and the victim, who was unarmed, were engaged in a progressively escalating argument, that defendant threatened to kill all the occupants of the house, that defendant was seen standing over the victim holding a gun, and that the bullets and bullet fragments recovered from the scene and the victim were consistent with being fired from the gun defendant owned. SeeTowler, supra. Moreover, despite arguing in his petition that his trial counsel was deficient for not calling Peaches or Mr. Whitehead as witnesses, defendant did not submit an affidavit from either of those individuals indicating what his or her testimony would have been.
 {¶ 18} Upon our review of the record, we conclude that defendant failed to demonstrate that Mr. Hunt's decision not to call certain individuals as witnesses at trial was outside the wide range of professionally competent assistance. Moreover, even assuming arguendo that defendant's counsel was deficient in that regard, defendant failed to demonstrate that, but for Mr. Hunt's decision not to present testimony of those individuals, there is a reasonable probability that the result of the proceeding would have been different. Thus, defendant's claim that he received ineffective assistance of counsel lacked merit. Accordingly, we overrule defendant's first assignment of error.
 {¶ 19} Defendant's second assignment of error alleges that the trial court erred in denying his claim of prosecutorial misconduct. In his petition for postconviction relief, defendant alleged that the prosecuting attorney failed to disclose evidence that was favorable to him. Under Brady v. Maryland (1963),373 U.S. 83, 87, 83 S.Ct. 1194, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." See, also, Crim.R. 16(B)(1)(f) (providing, "[u]pon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment").
 {¶ 20} In this appeal, defendant seems to argue that the prosecutor improperly suppressed statements of Peaches and Mr. Whitehead. Regarding this argument, we observe that, in his petition for postconviction relief, defendant admitted that the evidence was provided to defense counsel, but he noted that it was not submitted as evidence at trial. Additionally, the record does not support defendant's prosecutorial misconduct argument.
 {¶ 21} Attached to his petition for postconviction relief, defendant submitted a letter, dated July 28, 2004, addressed to him from his trial counsel, Mr. Hunt. In said letter, Mr. Hunt indicated that, before and during defendant's trial, he had been permitted to listen to taped interviews of Peaches and Mr. Whitehead. The letter is consistent with Mr. Hunt's representation to the court at the start of trial: "I would like to put on the record that at this time — or as of the end of last week and this weekend, the state has allowed me to see their entire file that they received from the Columbus Police Department, which I understand they did some verification of that being the only materials to their knowledge that the Columbus Police Department has." (Tr. 6.) Mr. Hunt added, "[a]lso, there were a number of witness interviews that were either audiotaped or done via videotape. I was provided with an opportunity on several occasions to come down to the prosecutor's office and look at all of those." Id. Thus, it is clear from the record that the prosecutor disclosed to defense counsel the statements of Peaches and Mr. Whitehead.
 {¶ 22} Therefore, the trial court did not err in finding that defendant failed to demonstrate any prosecutorial misconduct. Accordingly, we overrule defendant's second assignment of error.
 {¶ 23} Having overruled both of defendant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown and McGrath, JJ., concur.