OPINION
{¶ 1} Appellant, David E. Zamos, appeals the judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, denying his motion for credit of overpayment of child support.
 {¶ 2} Our limited appellate record reveals the following facts: On October 5, 1989, appellee, Ann H. Zamos, n.k.a. Ann Marn, was granted a divorce from appellant. Prior to the final decree, appellant was ordered to pay $450 per month child support by way of interlocutory order. The final decree of divorce indicates the parties were instructed to prepare a child support order, yet there is no mention of a specific figure within the decree. Appellant appealed the judgment entry on divorce to this court who subsequently affirmed the trial court's determination. See, Zamos v. Zamos (Mar. 29, 1991), 11th Dist. No. 89-P-2130, 1991 Ohio App. LEXIS 1466.[1] Appellant continued to pay the temporary child support amount of $450 per month throughout the pendency of the appeal. On September 3, 1991, after the resolution of the appeal, the trial court reduced appellant's support obligation to $160 per month.
 {¶ 3} On February 12, 2002, appellant moved the trial court to compel Portage County Child Support Enforcement Agency (CSEA) to review his child support payment history. On March 27, 2002, the magistrate granted appellant's motion. A full accounting of appellant's child support obligation payment history was completed by CSEA and filed on May 2, 2005. CSEA concluded appellant was entitled to a credit of $1,524.38, the amount he overpaid during the summers of 1989, 1990 and 1991.
 {¶ 4} On October 3, 2005, appellant filed a "motion on accounting." In this motion, appellant asserted the original temporary support order required him to pay $450 plus poundage per month beginning February 1, 1989. With this in mind, he argued:
 {¶ 5} "a temporary order is just that, temporary, and it ends when the final order of divorce is issued. In this case, the final entry of divorce was issued 10-5-90. In that entry, the Court found that the defendant was to pay based on an income of $15,000, but no entry was filed reducing this child support because the case was appealed."
 {¶ 6} In effect, appellant argued that he should be credited with the difference between the temporary child support order ($450 per month) and the modified support order ($160 per month) from the time of the final order to the date the modification occurred. Specifically, appellant asserted he was entitled to a credit of $6,670 plus one-half summer abatement for 1989, 1990 and 1991 (an additional credit of $1,012.50) for an alleged credit of $7,682.50. Although his reasoning was not entirely clear, appellant also claimed this amount should be added to the $1,524.38 overage found by CSEA. In total, appellant therefore alleged he was entitled to a child support credit of $8,206.88.
 {¶ 7} After a brief hearing, the trial court denied appellant's motion, determining that the temporary order issued after the filing of the divorce complaint was, as a matter of law, in effect while the matter was on appeal. Appellant now appeals the trial court's decision and asserts two assignments of error for our consideration:
 {¶ 8} "[1.] The trial court erred to defendant's prejudice by failing to give him credit for overpayment of his child support for the monies he paid under the temporary order which was not included in the final divorce decree while the final decree was on appeal and neither party requested that the temporary order on child support remain in effect.
 {¶ 9} "[2.] The trial court erred in deciding that appellant could not raise the issue of overpayment of child support."
 {¶ 10} We shall address appellant's assigned errors in reverse order. Under his second assignment of error, appellant argues the trial court committed error when it allegedly determined he could not raise the issue of overpayment. The trial court's judgment entry does not indicate appellant was incapable of raising the issue of overpayment. Rather, the lower court explicitly addressed appellant's argument and, after analyzing the circumstances of the case, determined appellant was not entitled to the specific overpayment he alleges. The trial court underscored that the matter was addressed at a "Mistake of Fact" hearing held on November 14, 2000 with CSEA officer Philip King who had reviewed appellant's payment history and determined appellant was entitled to a credit of $1,524.38 toward his child support obligations for the summers when support should have abated by half. However, the trial court, in its April 3, 2006 judgment entry, concluded appellant was not entitled to "additional credit for the overpayment of child support for the summers of 1989, 1990, and 1991." The court neither stated nor intimated appellant could not "raise" the issue of overpayment. As such, appellant's argument is misplaced. Therefore, appellant's second assignment of error lacks merit.
 {¶ 11} Under his first assignment of error, appellant contends that because the final divorce decree contained no specific determination as to his child support obligation, he owed no child support for the 23 months between the final decree and the court's order reducing his obligation to $160 per month. Hence, according to appellant's brief, he is entitled to a credit of $10,350.
 {¶ 12} We must first point out that this argument is substantially different from the argument he asserted before the lower court. As highlighted supra, appellant originally argued the September 1991 judgment entry modifying his child support from $450 to $160 per month should have been enforced retroactively to the date of the final divorce decree, October 5, 1989. In effect, appellant asserted he was entitled to a credit of $290 per month for the 23 months which passed in the interim, i.e., $6,670.
 {¶ 13} Appellant's argument on appeal is based upon an entirely different position than that passed upon by the trial court. "It is well established that an appellant may not assert a new theory for the first time before an appellate court." Poluse v. Youngstown (1999),135 Ohio App.3d 720, 728, citing Kalish v. Trans World Airlines (1977),50 Ohio St.2d 73. For this reason, we need not address appellant's second assignment of error. See, e.g., Cincinnati Equitable Ins. Co. v.Sorrell, 9th Dist. No. 05CA008703, 2006-Ohio-1906, at ¶ 27.
 {¶ 14} However, assuming arguendo, appellant advanced a proper appellate argument, i.e., an argument heard and rejected by the trial court, we believe it would lack merit. In the proceedings below, the trial court was asked to resolve a question of law.[2] In short, the issue before the trial court was whether a temporary order for child support merges into a final divorce decree and thereby persists until a modification of the order is granted.
 {¶ 15} In general, a temporary or interlocutory order pertaining to a domestic relations case will merge into the final decree of divorce.Colum v. Colum (1979), 58 Ohio St.2d 245 at syllabus; see, also,Garrett v. Garrett (Oct. 19, 2000), 10th Dist. Nos. 99AP-1050 
99AP-1306, 2000 Ohio App. LEXIS 4830, *7. The final divorce decree was silent as to appellant's specific monthly child support obligation; however, in evident anticipation of a modification, the trial court instructed the parties to prepare an order for child support "by bank attachment for payment of funds from Husband to Wife." Appellant appealed the divorce decree, essentially arguing the weight of the evidence did not support the trial court's final judgment of divorce.
 {¶ 16} It is well-settled that once an appeal has been perfected, the trial court loses jurisdiction over the matter pending the outcome of the appeal. Havre v. Havre (Aug. 16, 1996), 11th Dist. No. 95-P-0107, 1996 Ohio App. LEXIS 3478, *6. However, this general principle is limited to those features or issues internal to the final order being appealed. Id. "As to the remainder of the cause, the lower court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse a final order, judgment or decree from which the appeal has been perfected." Kane v. Ford Motor Co. (1984),17 Ohio App.3d 111, 116.
 {¶ 17} In the instant matter, appellant's original appeal attacked the basis of the divorce decree. The issue of child support was of no consequence to the outcome of the appeal. The trial court accordingly retained jurisdiction over the issue of modification and appellant could have moved the court to modify his support obligation at any time during the pendency of the appeal. Appellant chose not to do so. While the trial court did eventually revisit the issue of child support and reduce appellant's support obligation to $160 per month, there is no basis for the conclusion that the reduction should apply retroactively to October 5, 1990, the date of the final decree. Because the interlocutory support order merged with the final decree, we hold the $450 amount stood valid until a modification was ordered. Appellant's first assignment of error lacks merit.
 {¶ 18} For the reasons set forth above, appellant's two assignments of error lack merit. Thus, the decision of the Portage County Court of Common Pleas, Domestic Relations Division is affirmed.
WILLIAM M. O'NEILL, J.,
COLLEEN MARY O'TOOLE, J.,
concur.
[1] It is worth noting that the issue of child support was not an issue on appeal.
[2] Appellate review of questions of law is de novo. See, e.g.,Masek v.Gehring, 11th Dist. No. 2004-G-2569, 2005-Ohio-3900, at ¶21.