OPINION
{¶ 1} Appellant, David E. Zamos, appeals from the judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, adopting the decision of the magistrate ordering him to pay child support arrearages. For the reasons in this opinion, we affirm. *Page 2 
 {¶ 2} On October 5, 1989, appellee, Ann H. Zamos, n.k.a. Ann Marn, filed for divorce from appellant. The final decree was entered in 1991. Since the divorce, the parties have had a disputatious association which has led to multiple court appearances and appeals. This appeal is limited to the issue of child support arrearages which, to foreshadow, is not a novel issue in this case.
 {¶ 3} The matter of child support arrearages in this case was initially broached when, on November 15, 2004, Ann filed a "Motion for Judgment on Child Support Arrearages." In her motion, Ann asserted that appellant had not paid support since March of 2002 and therefore owed arrearages in the amount of $7,262.72. Four days later, on November 19, 2004, the trial court entered judgment finding Ann set forth good cause for payment of arrearages and ordered appellant to pay the calculated amount.
 {¶ 4} Appellant appealed this judgment on procedural grounds arguing the trial court erred in granting Ann's motion on arrearages without affording him notice and an opportunity to be heard. In Zamos v.Zamos, 11th Dist. No. 2004-P-0108, 2005-Ohio-6075 (Zamos I), by a judgment and opinion issued on November 10, 2005, this court sustained appellant's argument. The matter was accordingly reversed and remanded to the trial court to give appellant "a fair opportunity to be heard on the matter before a final determination is made." Id. at ¶ 23. Although this court's order did not necessarily require a formal hearing on the issue, neither Ann nor appellant took any immediate action on the remand order.
 {¶ 5} In the meantime, on October 3, 2005, during the pendency of the foregoing appeal, appellant moved the trial court for an accounting of his child support arrearages alleging he was entitled to a total support credit of $8,206.88. After a *Page 3 
hearing, on April 3, 2006, the court denied appellant's motion finding he had been given all credits he was due. On December 8, 2006, the trial court's decision was affirmed by this court in Zamos v. Zamos, 11th Dist. No. 2006-P-0039, 2006-Ohio-6497 (Zamos II).
 {¶ 6} Several months passed without legal quarrel and in June of 2007 the trial court entered an order to terminate child support pursuant to the Child Support Enforcement Agency's (CSEA) recommendation. However, on July 24, 2007, evidently after being approached by Ann, the CSEA moved the trial court, on Ann's behalf, to make a determination on appellant's child support arrearages. After a hearing on the issue, the magistrate issued his decision concluding appellant's arrearage as of August 31, 2007, was $5,382.15. The magistrate concluded appellant should pay $300 per month, plus poundage, until the arrearage is relinquished.
 {¶ 7} On October 12, 2007, appellant filed objections to the magistrate's decision asserting the magistrate's conclusions were "inappropriate, unsupported, and, indeed, inoperable." Appellant first argued the CSEA did not have the authority to move the trial court for a determination of arrearages. He further argued that Ann had previously relieved appellant of any obligation on arrearages when, in November of 2004 she moved the court for arrearages but subsequently dismissed all her pending motions (without prejudice) in March of 2005. Appellant argued, in light of Ann's dismissal, the parties agreed appellant was released from any remaining child support obligations.
 {¶ 8} Finally, appellant cited this court's November 10, 2005 decision in Zamos I which reversed and remanded the trial court's judgment on arrearages based upon defects in the court's procedure in conducting the hearing. Appellant pointed out that *Page 4 
Ann never pursued additional proceedings on remand and, in a March 31, 2006 order, the trial court, evidently via oral motion, dismissed all pending matters.
 {¶ 9} Viewed as a whole, appellant's objections essentially asserted the matter of arrearages was a defunct issue which the trial court improperly re-examined. Appellant subsequently moved the trial court for a hearing on his objections, which was granted and ultimately set for January 11, 2008.
 {¶ 10} In the interim, appellant filed various pleadings in the trial court, included three notices of "Deposition Duces Tecum;" two notices of "Discovery;" several motions requesting the production of documents; two motions for sanctions; and a "Motion to Exclude." In response, Ann, through counsel, filed a motion for protective order objecting to appellant's various motions for deposition; a motion to strike appellant's motions for sanctions; a motion to quash appellant's subpoenas duces tecum; and an objection to appellant's discovery requests. The record indicates that appellee did not attend the deposition appellant had scheduled. Appellant subsequently submitted a narrative entitled "Defendant Submits Testimony of His Failed Effort to Dispose [sic] the Plaintiff at a Scheduled Deposition."
 {¶ 11} After the hearing, at which appellant and counsel for both Ann and CSEA were present, the trial court adopted the magistrate's findings. Appellant's motions were not expressly ruled upon and therefore presumptively overruled. Appellant now appeals and asserts five assignments of error for our review:
 {¶ 12} Appellant's first assignment of error provides: *Page 5 
 {¶ 13} "The trial court abused its discretion when it failed to bar an alleged claim for arrearages by failing to apply the doctrine of res judicata to the previously adjudicated claims."
 {¶ 14} We first point out that the application of the doctrine of res judicata is a matter of law and, as such, must be considered under a de novo standard of review, not for an abuse of discretion. SeeAllstate Indem. Co. v. Collister, 11th Dist. No. 2006-T-0112,2007-Ohio-5201, at ¶ 16. With this standard in mind, appellant's argument is premised upon his view that the trial court had entered previous judgments, one on March 28, 2005 and one on March 31, 2006, dismissing all pending matters. Appellant alleges that because issues related to child support arrearages were pending at the times the judgments were filed, the court was precluded by the doctrine of collateral estoppel, or claim preclusion, from revisiting the issue. Appellant's argument is flawed.
 {¶ 15} First, when the court granted appellee's motion to dismiss "all pending motions" on March 28, 2005, case no. 2004-P-0108 was pending before this court. In that case, appellant had filed an appeal on the trial court's judgment granting appellee's motion on arrearages. On November 10, 2005, this court released its opinion which reversed and remanded the matter to the trial court for a new hearing on arrearages. As the issue of arrearages was on appeal at the time appellee moved the lower court to dismiss, the matter was not a motion pending before the trial court when the judgment was entered.
 {¶ 16} Alternatively, the issue of arrearages was not on appeal on March 31, 2006, the date of the trial court's second judgment entry dismissing all pending matters; further, the November 10, 2005 order remanding the arrearage issue to the trial court *Page 6 
for a new hearing was still outstanding. The active status of this remand order therefore rendered appellee's former motion for arrearages a "pending motion." Accordingly, we shall examine whether the March 31, 2006 judgment precluded the trial court from revisiting the matter of arrearages.
 {¶ 17} The doctrine of collateral estoppel "precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action." (Emphasis sic.) Whitehead v. Gen. Tel.Co. (1969), 20 Ohio St.2d 108, 112; see, also, New Winchester Gardens,Ltd. v. Franklin Cty. Bd. of Revision, 80 Ohio St.3d 36, 41,1997-Ohio-360 (overruled on other grounds.)
 {¶ 18} Based upon the foregoing definition, collateral estoppel is inapplicable to this matter. All motions in this case, no matter when they were filed, were filed under the same case number and thus occurred in the same action. Moreover, because the motion for arrearages was dismissed, we cannot say the issue itself was "actually and necessarily litigated" for purposes of issue preclusion.
 {¶ 19} The doctrine of res judicata is similarly inapplicable. Res judicata applies when "(1) the judgment of a prior case is valid, final and was decided on the merits; (2) the judgment in the prior case was issued by a court of competent jurisdiction; (3) both the prior and present suit involve the same parties or those whose interest are adequately close to demonstrate a relationship of privity; and (4) both the prior and present case arose from the same transaction or occurrence. * * *" Yeager v. Ohio Civil Rights Commission, 11th Dist. No. 2005-T-0149, 2006-Ohio-5178, at ¶ 22. *Page 7 
 {¶ 20} Initially, the March 31, 2006 judgment does not state which party moved the court; however, given its general terms and the fact that it was issued by the court, we conclude it must have been entered pursuant to Civ. R. 41(A)(2). Pursuant to Civ. R. 41, "[u]nless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice." The Supreme Court of Ohio has repeatedly held that "[a] dismissal without prejudice constitutes an adjudication otherwise than on the merits and prevents the dismissal from having res judicata effect." Goudlock v. Voorhies, 119 Ohio St.3d 398,2008-Ohio-4787, at ¶ 10; see, also, Chadwick v. Barba Lou, Inc. (1982),69 Ohio St.2d 222, 226; Hensley v. Henry (1980), 61 Ohio St.2d 277, 278. Because the March 31, 2006 judgment entry was not entered on the merits, res judicata is inapplicable to preclude future consideration of arrearages.
 {¶ 21} Appellant's first assignment of error lacks merit.
 {¶ 22} Appellant's second assignment of error alleges:
 {¶ 23} "The trial court abused its discretion when it failed to allow the Appellant, Zamos discovery."
 {¶ 24} "`We review discovery matters under an abuse of discretion standard." Sullivan v. Smith, 11th Dist. No. 2008-L-107, 2009-Ohio-289, at ¶ 9. "The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.)Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 25} Here, after the magistrate issued his decision on the merits of the issue of appellant's arrearages, appellant filed multiple notices of discovery. Through these pleadings, appellant sought, inter alia, to depose Ann in interest of obtaining evidence *Page 8 
not presented before the magistrate. No such discovery was accomplished. At the hearing on appellant's objections, appellant took issue, via a motion for sanctions, with his inability to depose Ann. However, the trial court explained that the scope of the hearing was limited to "what went on at the hearing that was held." After appellant indicated he was not prepared because of the lack of discovery, the court reiterated:
 {¶ 26} "This hearing is your hearing on the objection you raised. All you have to do is tell me what they did wrong and we'll — if I agree, we'll have a hearing, you get whatever discovery you want.
 {¶ 27} "My understanding, as I stated it, is that your objection is that motions were filed to dismiss all pending matters, and as a result of that, it is now res judicata and not possible to bring another motion to determine arrearage."
 {¶ 28} Appellant agreed with the court's summary of his argument yet continued to emphasize how deposing Ann was somehow necessary to the success of his argument.
 {¶ 29} Civ. R. 53(D)(4)(d) provides that, when ruling on objections, "* * * the court may * * * hear additional evidence * * *." The rule also states that the court may refuse to consider additional evidence "unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Pursuant to this rule, it is clear the trial court possesses the discretion to consider or refuse to consider additional evidence at a hearing on objections.
 {¶ 30} Here, the evidence appellant was seeking was not sought, for whatever reason, prior to the hearing before the magistrate. Appellant made no showing that he was prevented, despite reasonable diligence, from producing the evidence for the *Page 9 
magistrate's consideration. The record of the hearing demonstrates that the trial court was aware of (and succinctly summarized on record) the basis for appellant's objections. It is therefore reasonable to conclude the trial court did not believe the additional evidence was necessary to thoroughly understand and render an informed decision on appellant's objections. We therefore hold the trial court did not abuse its discretion.
 {¶ 31} Appellant's third assignment of error contends:
 {¶ 32} "The court abused its discretion by allowing a public agency, CSEA, to bring a previously litigated private claim on its own."
 {¶ 33} Similar to the issue set forth under appellant's first assignment of error, the issue of whether a party has standing to assert a claim is a matter of law. An appellate court reviews such decisions de novo, not for an abuse of discretion. Allstate Indem. Co., supra.
 {¶ 34} Appellant's argument asserts that the CSEA did not have standing to move the court for an accounting on arrearages as the issue is strictly a private, not a public, matter. We disagree.
 {¶ 35} On June 28, 2007, all child support obligations were terminated. In the meantime, Ann apparently contacted the CSEA regarding appellant's child support arrearages because, on July 24, 2007, the CSEA moved the court on her behalf for a judicial determination of arrearages and an order of payment. Such procedure is permitted under both the Ohio Revised Code and the Ohio Administrative Code.
 {¶ 36} Specifically, R.C. 3123.14 provides: *Page 10 
 {¶ 37} "If a child support order is terminated for any reason * * * [and] the obligor owes an arrearage under the order, the obligee may make application to the child support enforcement agency that administered the child support order prior to its termination or had authority to administer the child support order to maintain any action or proceeding on behalf of the obligee to obtain a judgment, execution of a judgment through any available procedure, an order, or other relief. * * *" See, also, O.A.C. 5101:12-50-50 (amplifying the judicial enforcement procedures the CSEA may take under R.C. 3123.14).
 {¶ 38} Clearly, CSEA possessed standing to move the court for a determination of the amount of arrearages owed and an order of payment in light of this determination.
 {¶ 39} Appellant's third assignment of error lacks merit.
 {¶ 40} Appellant's fourth assignment of error asserts:
"The court erred in relying on the Court's order of April 3, 2006 and the Eleventh District's order of December 11, 2006 as authority to order a judgment concerning arrearages."
 {¶ 41} Appellant's fourth assignment of error asserts the trial court committed a simple "mistake of fact" in citing its April 3, 2006 judgment entry and this court's December 11, 2006 opinion in its judgment entry confirming the arrearages. Appellant contends the trial court's previous order and this court's prior holding exclusively address overpayment of child support and therefore are irrelevant to the issue of arrearages.
 {¶ 42} Even were this court to agree with appellant's point, he fails to elucidate how such factual errors prejudiced his rights. The citations appear in the magistrate's *Page 11 
decision and are seemingly mentioned to give context to the procedural history of the instant matter. Appellant does not argue these citations led the trial court to derive an erroneous conclusion on the actual arrearages he was ordered to pay. In fact, appellant does not suggest mentioning these cases had any substantive impact on the ultimate outcome of the case. For this reason, any alleged mistake of fact would not rise to the level of reversible error.
 {¶ 43} Appellant's fourth assignment of error is without merit.
 {¶ 44} "The Appellant, Zamos, was denied due process when he was not afforded the opportunity to be heard in a meaningful manner."
 {¶ 45} Due process requires that a party be provided adequate notice of a proposed action as well as an opportunity to be heard.Zamos I, supra, at ¶ 18. Nothing in the record indicates appellant had insufficient notice (he attended both the hearing before the magistrate and the hearing on objections) or was not afforded an opportunity to be heard (he testified and communicated his position effectively at each hearing).
 {¶ 46} Further, although appellant claims he was denied discovery, he did not attempt to depose Ann or obtain documentary evidence untilafter the magistrate had rendered his decision. As discussed under his second assignment of error, the trial court was neither obligated to accept additional evidence nor did it act arbitrarily when it denied appellant the opportunity to conduct post-hearing discovery.
 {¶ 47} Appellant finally asserts the trial court moved forward ex parte when it conducted the hearing on objections. This is a fundamental misrepresentation of the proceedings. At the hearing, appellant, Ann's attorney, and counsel for the CSEA were all present. Hence, all parties with a conceivable interest were therefore represented. *Page 12 
Merely because Ann did not attend does not render the proceedings ex parte let alone invalid.
 {¶ 48} Given the state of the record, we conclude appellant was afforded due process of law. The record demonstrates that any alleged deficiencies in appellant's ability to be "meaningfully heard" were not the fault of the court, but a function of his lack of preparation.
 {¶ 49} Appellant's final assignment of error is overruled.
 {¶ 50} For the reasons discussed in this opinion, appellant's five assignments of error are held without merit and the judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1