[Cite as *State v. Butcher*, 2014-Ohio-4302.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0090** |
| WILLIAM D. BUTCHER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2010 CR 00288.

Judgment: Affirmed in part, reversed in part, and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*William D. Butcher,* pro se, PID: A594941, Mansfield Correctional Institution, P.O. Box 788, 1150 North Main Street, Mansfield, OH 44901 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, William. D. Butcher, appeals from the judgment of the Portage County Court of Common Pleas, denying his petition for post-conviction relief. For the reasons discussed in this opinion, we affirm the judgment of the trial court in part, reverse it in part, and remand the matter for further proceedings.

{¶2} On April 18, 2010, appellant, with his three co-defendants, Lawrence Burfitt, Damiyon Baxstrumn, and Jarmel Latimer, forcibly entered Ericka Rouser's

apartment with weapons. Burfitt struck Clifford Cummings, Rouser's guest, with a tire iron on the head and then hit Rouser in the arm with the weapon. Baxstrumn proceeded to strike Cummings with an air pistol, disguised to appear as a firearm, then held the gun to Cummings' face demanding money. While Burfitt pushed Rouser and two of her children into a utility closet, Latimer lunged at Cummings with a knife. Cummings was cut multiple times, but fought back. Eventually, however, Cummings was subdued and, according to Burfitt, appellant restrained the man while Latimer plunged the knife into Cummings' chest. The wounds Cummings sustained proved fatal. The men fled Rouser's apartment, according to Baxstrumn, with Cummings' "wallet, his keys. His life."

{¶3} Appellant was charged in a multiple-count indictment alleging aggravated murder, in violation of R.C. 2903.01(B), with three specifications of aggravating circumstances, pursuant to R.C. 2929.04(A)(7); aggravated burglary, in violation of R.C. 2911.11(A)(1) and (A)(2); aggravated robbery, in violation of R.C. 2911.01(A)(1) and (3); and four counts of kidnapping, in violation of R.C. 2905.01(A)(2) and (3). The matter proceeded to jury trial. After the state rested, the trial court granted appellant's motion for acquittal relating to the aggravating circumstances attached to the aggravated murder charge. As a result, the specifications were dismissed; the trial court subsequently overruled appellant's motion pertaining to the remaining charges.

{¶4} The jury found appellant guilty on all counts. Appellant was sentenced to life imprisonment with parole eligibility after thirty years for aggravated murder and a consecutive term of nine years for kidnapping Rouser. The court merged the aggravated burglary and aggravated robbery convictions and sentenced appellant to

nine years on the merged conviction to be served concurrently to the other sentences. Finally, the court sentenced appellant to eight years for each of the three kidnapping convictions relating to Rouser's children to run concurrently with one another and concurrently with the other sentences. This court affirmed appellant's convictions in *State v. Butcher*, 11th Dist. Portage No. 2011-P-0012, 2012-Ohio-868.

{¶5} Appellant filed a timely petition for post-conviction relief on December 12, 2011. The state filed a memorandum in opposition, arguing the trial court should deny the petition for lack of evidentiary support. The trial court subsequently permitted appellant to supplement his petition, and he attached four affidavits in support of his supplemental post-conviction claims. On October 3, 2013, the trial court denied appellant's petition, concluding the claims could have been asserted on direct appeal and were therefore barred by res judicata. Appellant now appeals and assigns four errors.

{¶6} Each of appellant's alleged errors relates to the trial court's denial of his petition for post-conviciton relief. Generally, an appellate court reviews a trial court's denial of a petition for post-conviction relief for an abuse of discretion. *State v. Hendrix*, 11th Dist. Lake No. 2012-L-080, 2013-Ohio-638, ¶7. When, however, a trial court denies a petition by operation of law, e.g., by application of the doctrine of res judicata, this court's review is de novo. *Zamos v. Zamos*, 11th Dist. Portage No. 2008-P-0021, 2009-Ohio-1321, ¶14; *see also State v. Prade*, 9th Dist. Summit No 26775, 2014-Ohio-1035, ¶18 (procedural defects in a petition for post-conviction relief, such as one that is barred by res judicata, is reviewed on appeal de novo.)

3

**{¶7}** The trial court, in this matter, found the arguments asserted in appellant's petition were barred by the doctrine of res judicata. The purpose of Ohio's post-conviction relief statute is to afford criminal defendants with a method by which they may raise claims of denial of federal rights. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999), citing *Young v. Ragen*, 337 U.S. 235, 239 (1949). A petition for postconviction relief does not, however, afford a defendant a second opportunity to litigate his conviction or resurrect issues that could have been previously raised. *Hendrix, supra,* at ¶8, citing *State v. Towler*, 10th Dist. Franklin No. 05AP-387, 2006-Ohio-2441, ¶6. Pursuant to the doctrine of res judicata,

> **{¶8}** "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or *could have been raised* by the defendant at trial, which resulted in that judgment of conviction, or *on an appeal* from that judgment." (Emphasis sic.) *Hendrix*, *supra*, quoting *State v. Perry*, 10 Ohio St.2d 175  (1967), syllabus.

**{¶9}** "Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing  defendant's petition for postconviction relief." *State v. Cole*, 2 Ohio St.3d 112 (1982); *see also State v. Mike*, 11th Dist. Trumbull No. 2007-T-0116, 2008-Ohio-2754, ¶11. This doctrine applies with equal force to any alleged constitutional

error. *State v. Jones*, 11th Dist. Ashtabula No. 2000-A-0083, 2002 Ohio App. LEXIS 1981, *3 (Apr. 26, 2002).

{¶10} Appellant's first assignment of error provides:

{¶11} "Evidence not previously introduced into the record demonstrates Mr. Butcher's trial counsel was ineffective in preparing for trial with a merit-less [sic] alibi and not an available, viable defense."

{¶12} Appellant's first assigned error contends his trial counsel was ineffective for failing to abandon an alibi defense strategy and pursue an alternative defense when it became clear the state's witnesses could place him at the scene of the crimes. Appellant concedes he was represented by new counsel and that it was necessary for new counsel to raise this potential issue on direct appeal. He, however, asserts his position is premised upon evidence outside the record and therefore a viable basis for post-conviction relief. We do not agree.

{¶13} Any defense trial counsel pursued or failed to pursue during the trial was apparent from the trial record at the time of appellant's direct appeal. Appellate counsel could have raised this potential error without resorting to evidence dehors the record. When a petitioner is represented by new counsel on direct appeal and the alleged ineffectiveness of trial counsel could have been raised without recourse to evidence outside the record, res judicata bars a post-conviction claim of ineffective assistance of trial counsel. *See e.g. State v. McCaleb*, 11th Dist. Lake No. 2004-L-003, 2005-Ohio-4038, ¶19. Because appellant could have raised this issue on direct appeal, the trial court did not err in concluding the argument was barred by res judicata.

{¶14} Appellant's second assignment of error asserts:

5

{¶15} "Evidence not previously introduced into the record demonstrates that Mr. Butcher was not acting as an accomplice to the murder of Cummings."

{¶16} Appellant contends evidence outside the trial record demonstrates he was not an accomplice in the murders, but merely was a bystander at the scene who was falsely implicated. In support, appellant cites to an affidavit of his co-defendant, Jarmel Latimer, who avers it was he, not appellant, who restrained Cummings. Appellant therefore maintains this demonstrates he did not aid, abet, support, assist, encourage, cooperate with, advise, or incite the crimes for which he was convicted. We do not agree.

{¶17} While the Latimer affidavit states appellant was not specifically involved in the murder, it also indicates it was co-defendant Baxstrumn, not Latimer, who stabbed Cummings. Baxstrumn testified at trial he helped engineer the break in and attack, but also testified he did not see the stabbing. Instead, he testified he was in the kitchen while Burfitt, Latimer, and appellant were "tussling" with Cummings. These points serve to, at least facially, compromise the credibility of the Latimer affidavit. This problem aside, if the events unfolded in the manner Latimer suggests, appellant could have pursued this defense at trial. In fact, he could have subpoenaed co-defendant Latimer to testify on his behalf. Instead, trial counsel elected to pursue a different approach to defending appellant, an approach that was apparent from the record. Thus, much like appellant's argument under his first assignment of error, appellate counsel could have argued trial counsel's strategy, in light of other options, was ineffective. As the issue was apparent from the trial record at the time of appellant's direct appeal, it could have

6

been raised then. Thus, the trial court did not err in concluding it is barred by res judicata.

**{¶18}** We shall next address appellant's fourth assignment of error. It provides:

**{¶19}** "Evidence not previously introduced into the record demonstrates that both the defense and prosecuting attorney's used police reports to cross examine witnesses calling them statements thereby prejudicing Mr. Butcher to the jury. Therefore the jury may have giving [sic] more validity to the reports being represented as statements."

**{¶20}** Under this assignment of error, appellant argues the state and defense counsel referred to police reports as prior statements of the witnesses during cross-examinations. Whether the prosecutor or defense counsel referred to police reports as witness statements and such references prejudiced appellant were matters within the trial record. Because appellant could have raised this issue on direct appeal, the trial court properly found this issue was barred by res judicata.

**{¶21}** Appellant's fourth assignment of error lacks merit.

**{¶22}** Appellant's third assignment of error provides:

**{¶23}** "Evidence not previously introduced into the record demonstrates that state witness Lawrence Burfitt suffered from mental illness and/or a mental slowness that made Burfitt unfairly susceptible to suggestion and leading to false testimony."

**{¶24}** Appellant asserts, under this assigned error, that his co-defendant, Burfitt, suffered from some form of cognitive deficiency that allowed him to be more open to suggestion and which led to him falsely implicating appellant in the murders. In support, appellant produced an affidavit of one Ralph Underwood. Mr. Underwood averred he

was incarcerated with appellant's co-defendant, Burfitt, in November of 2011, subsequent to appellant's trial and conviction. According to Underwood, Burfitt stated appellant was not involved in the murder of Cummings; instead, Underwood asserts, Burfitt implicated appellant in the murder to placate investigators and avoid the death penalty. Underwood further averred Burfitt admitted he falsely testified that appellant was the individual who restrained Cummings immediately prior to the stabbing. When, according to Underwood's affidavit, Burfitt admitted appellant merely watched the murder take place. In appellant's view, this demonstrates Burfitt was mentally ill or intellectually slow rendering him being susceptible to suggestion leading to false testimony.

{¶25} Initially, appellant produced nothing to indicate or even suggest that Burfitt is mentally ill. Moreover, the information in the affidavit does not reflect Burfitt had any deficits that would indicate he was susceptible to suggestion. Rather, if anything, Underwood's affidavit provides evidence that, if believed, Burfitt lied to protect himself; an ignoble, but inherently pragmatic maneuver. In this regard, the Underwood affidavit does not support appellant's specific assertion that Burfitt was mentally ill or intellectually deficient.

{¶26} Notwithstanding this conclusion, the purported exchange between Underwood and Burfitt occurred after appellant's trial and conviction. It therefore constitutes evidence dehors the record. Where an alleged constitutional error in a proceeding is supported by evidence that is dehors the record, res judicata will not bar the claim because it would have been impossible to fully litigate the claim on direct appeal. *State v. Green*, 7th Dist. Mahoning No. 02 CA 35, 2003-Ohio-5142, ¶21.

8

{¶27} In this case, the information in the affidavit, if believed, indicates appellant's trial may have been compromised by Burfitt's false testimony regarding appellant's involvement in the murder. Courts have concluded, however, that evidence of perjury, without a showing that the state knew or should have known of the false testimony, does not implicate constitutional rights. *See e.g. State v. Cohen*, 11th Dist. Lake No. 97-L-311, 1999 Ohio App. LEXIS 2635, *9 (June 11, 1999). Although the Underwood affidavit, standing alone, does not establish the scienter necessary to prove a due process violation, it does create a question regarding whether, prior to trial, the state knew or should have known of Burfitt's purported false testimony.

{¶28} The Underwood affidavit indicates that Burfitt made a preliminary written statement essentially exonerating appellant from involvement in the murder. If this statement was actually made and it was not given to the defense in discovery, this would be sufficient to establish the state knew or should have known of the potentially false testimony. The affidavit, therefore, is adequate to create a genuine question regarding whether appellant's due process rights were compromised.

{¶29} We recognize that, if the written statement referred to in the Underwood affidavit exists and it was produced, the evidence would have been available at the time of trial to impeach Burfitt. Under such circumstances, the issue would be clearly barred by operation of res judicata. Because, however, appellant has produced evidence dehors the record that, on its face, does not automatically implicate res judicata, the matter must be remanded for further proceedings to determine (1) whether the written statement existed and (2) whether it was disclosed to the defense.

{¶30} Appellant's third assignment of error has merit.

9

{¶31} For the reasons discussed above, appellant's first, second, and fourth assignments of error lack merit. Because his third assignment of error is well taken, we conclude the matter must be remanded for further proceedings so the trial court can fully consider the issue raised in the Underwood affidavit. The matter is accordingly affirmed in part, reversed in part, and remanded for further proceedings.

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

_____

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

{¶32} I concur in the judgment of the court, finding no merit in the first, second, and fourth assignments of error, since the alleged errors were barred by res judicata. I dissent as to the third assignment of error, and disagree with the conclusion that there is a question regarding whether the State knew or should have known of allegedly false testimony presented at Butcher's trial, such that further proceedings are necessary.

{¶33} Regarding the third assignment of error, the majority properly explains that a conviction based on perjured testimony does not implicate constitutional rights unless there is a showing that the State knew or should have known of the perjury. *State v. Davis*, 11th Dist. Lake No. 99-L-069, 2000 Ohio App. LEXIS 3285, 7 (July 21, 2000). I disagree, however, with the conclusion that there is a question regarding whether the State knew or should have known of Butcher's co-defendant, Burfitt's, allegedly false

10

testimony at the time of trial.

{¶34} The majority notes that, pursuant to Underwood's affidavit, Burfitt made a preliminary written statement "essentially exonerating appellant from involvement in the murder." *Supra* at ¶ 28. From this information, the majority determines that the State should have known that Burfitt's ultimate testimony at trial, which was allegedly contrary to his prior statement, was false. Such a conclusion requires an assumption that a defendant arrested in a murder case always tells the truth when questioned and any change in his statement puts the State on notice that his subsequent testimony will be false. The fact that a defendant alters his story regarding the events surrounding a crime is certainly not uncommon and would not, without more, automatically give rise to suspicion by the State that false testimony will be given. *State v. Ross*, 9th Dist. Summit No. 23028, 2006-Ohio-4352, ¶ 22 (rejecting the appellant's argument that the State was on notice that the victim was likely to commit perjury, since "[t]he mere fact that a victim has given prior inconsistent statements does not demonstrate that she lied under oath"). There is no indication from the affidavit that Burfitt expressed his intentions to lie on the stand, either to the State or to anyone else. Since the State had no reason to be aware of the fact that Burfitt's testimony, if the allegations are true, was perjured, the postconviction petition must be denied.

{¶35} It also does not appear that, even if Burfitt's testimony was assumed to be false, it prejudiced Butcher. At Butcher's trial, multiple individuals testified extensively regarding his participation in the crimes, including another defendant who was at the scene of the crime and detailed Butcher's involvement, as well as witnesses who testified that Butcher admitted his role in the crimes. When perjury does not cause

11

prejudice to the defendant, especially when there is more than sufficient evidence for the conviction, there are no grounds for postconviction relief. *See State v. Callihan*, 4th Dist. Scioto No. 94 CA 2249, 1995 Ohio App. LEXIS 792, 7-8 (Feb. 28, 1995); *State v. Jones*, 10th Dist. Franklin No. 06AP-62, 2006-Ohio-5953, ¶ 17-18.

**{¶36}** As to the remaining assignments of error, while I generally concur with the analysis and the judgment, one additional issue must be addressed. Butcher's motion raising the postconviction claims also included a request for a new trial. The majority evaluates the motion only as a postconviction petition. In considering Butcher's request for a new trial, it must be noted that it was filed more than 120 days after the verdict was rendered. Since it appears Butcher did not follow the proper procedure for filing his delayed motion for a new trial, including failing to seek leave and failing to assert that he was unavoidably prevented from discovering the evidence, it is unnecessary to evaluate the merits of his request. *State v. Olcese*, 11th Dist. Portage No. 2010-P-0045, 2011-Ohio-2456, ¶ 48 (Since the defendant filed his "merit motion without first seeking leave of court, he failed to comply with the necessary procedural steps set forth in Crim.R. 33(B). As a result, the trial court properly overruled his motion for a new trial.").

**{¶37}** For the foregoing reasons, I dissent on the third assignment of error and would affirm the trial court's denial of Butcher's petition for postconviction relief as to this issue. With the exception of the matter noted above, I concur in the analysis regarding the remaining assignments of error.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

12

{¶38} I concur with the majority's disposition of the second, third, and fourth assignments of error. I respectfully dissent regarding the first assignment of error. The majority concludes that res judicata bars appellant from raising the issue of whether trial counsel was ineffective for failing to prepare for and pursue a different defense than an alibi defense. The majority reaches this conclusion by reasoning that trial counsel's failure to do so is established by the record, and that this alleged error should have been raised on direct appeal. I believe that the recent decision in *Gunner v. Welch*, 749 F.3d 511 (6th Cir.2014) teaches otherwise.

{¶39} In *Gunner*, a habeas proceeding, petitioner was offered a favorable plea deal by the State of Ohio in a drug trafficking case. *Id.* at 513-514. Nevertheless, trial counsel urged petitioner to go to trial, was convicted, and received the maximum sentence. *Id.* at 514. Appellate counsel, despite the urging of petitioner and his mother, refused to assign as error ineffective assistance of trial counsel in advising rejection of the plea deal, since certain materials relevant to the proposed deal were outside the record. *Id.* Further, he did not advise petitioner that this issue could be raised by way of a petition for postconviction relief. *Id.* at 514-515. Petitioner lost his appeal in the Sixth Appellate District, which also rejected App.R. 26(B) relief; the Supreme Court of Ohio appears to have declined jurisdiction. *Id.* at 515. Petitioner filed for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, which dismissed the writ. *Id.*

{¶40} The Sixth Circuit reversed, holding that petitioner's right to effective assistance of appellate counsel was fatally compromised by appellate counsel's failure to inform him that his claim of ineffective assistance of trial counsel could be raised by

13

way of a petition for postconviction relief, and the rules regarding such proceedings. *Gunner*, *supra*, at 520.

{¶41} In this case, while the failure of trial counsel to pursue any defense other than an alibi defense may be apparent from the record, appellant's objections to this decision, and trial counsel's reasons for relying on the defense chosen, would not necessarily be part of the record. Thus, under *Gunner*, they might not be appropriate issues on direct appeal – but certainly are in this postconviction proceeding. Consequently, I find that res judicata does not apply to appellant's first assignment of error, and would reverse on that, as well as the third assignment of error.

{¶42} I concur and dissent.