[Cite as *State v. Kaufmann*, 2022-Ohio-3487.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-A-0011 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DAVID M. KAUFMANN, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 00358 |

**O P I N I O N**

Decided: September 30, 2022
Judgment: Affirmed

*Colleen M. O'Toole,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Joseph R. Klammer,* The Klammer Law Office, LTD., The Historic Mentor Center Street School, 7482 Center Street, Unit 6, Mentor, OH 44060 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, David M. Kaufmann, appeals from the judgment of the Ashtabula County Court of Common Pleas, convicting him, after entering pleas of guilty, on two counts of felony-four gross sexual imposition. At issue is whether appellant's trial counsel was ineffective and whether the trial court erred in sentencing him to maximum, consecutive terms of imprisonment. We affirm.

{¶2} Appellant was indicted on three counts of gross sexual imposition, felonies of the fourth degree, in violation of R.C. 2907.05(A)(1) and R.C. 2907.05(C)(1); he was also indicted on one count of gross sexual imposition, a misdemeanor of the third degree,

in violation of R.C. 2907.06(A)(4) and R.C. 2907.06(C). He pleaded not guilty to the charges. He later withdrew his plea of not guilty and entered into a plea of guilty to two counts of felony-four gross sexual imposition. At the plea hearing, the prosecutor advised the court that the following occurred:

{¶3} "Your Honor, there were two different victims and two different dates. The first, Your Honor, he had gotten into the shower with the victim who was then 16, and they were showering together; both were nude. During this time, he would get an erection and at times cuddle with her in the shower.

{¶4} "The other girl, who was 13 at the time, indicated she was having difficulty shaving other pubic hair. [Sic.] He proceeded to again get into the shower naked with her, assist her in shaving her, and they would wash with a washcloth her private areas."

{¶5} Upon receiving the state's factual basis, the trial court asked appellant if he agreed with the state's recitation. Appellant's counsel responded with the following:

{¶6} "Judge, as you heard the conversation between me and [the prosecutor] earlier, there's already been admissions, and an agreement by everybody who would be involved in this case, that that behavior did happen. We were discussing whether or not - - he showered with the girls and he did shave them. That's what happened."

{¶7} The trial court then asked defense counsel whether appellant admitted the conduct, to which counsel stated "[H]e does." Appellant interjected, stating: "And I - - from day one, I admitted that there was a responsibility to take care of, yes. But - -." Defense counsel cut appellant off, stating: "That's enough."

{¶8} The trial court ultimately sentenced appellant to an 18-month term of imprisonment for each count, to be served consecutively to one another. Appellant now appeals.

2

{¶9} His first assignment of error provides:

{¶10} "Appellant was denied effective assistance of counsel at his plea agreement and sentencing hearing."

{¶11} Appellant contends his trial counsel was ineffective for admitting conduct that was beyond that for which he was charged. Specifically, appellant asserts counsel, at the plea hearing, represented to the court that he shaved and entered the shower with the juvenile *victims*. Appellant appears to argue there was only an allegation that he assisted in shaving one of the victims. As such, he claims, counsel misrepresented material facts to the trial court which led him to entering the plea based upon unsupported facts and influenced the trial judge to maximum, consecutive terms of imprisonment on each count. We do not agree.

{¶12} "In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell 'below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.'" *State v. Andrus*, 11th Dist. Ashtabula No. 2019-A-0082, 2020-Ohio-6810, ¶60, citing *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)). "In order to show prejudice, the appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Andrus, supra,* citing *Bradley, supra,* at paragraph three of the syllabus. In the context of a guilty plea conviction, this means that appellant would not have pleaded guilty but for counsel's ineffective assistance. *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, *3 (Mar 22, 2002). "If a claim can be disposed of by showing a lack of sufficient prejudice, there is no need to consider the first prong, i.e., whether trial counsel's

3

performance was deficient." *Andrus, supra,* citing *Bradley, supra,* at 143, citing *Strickland, supra*, at 695-696.

{¶13} Moreover, "[t]he mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. * * * Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." (Emphasis removed.) *Madeline, supra,* citing *State v. Sopjack,* 11th Dist. Geauga No. 93-G-1826, 1995 WL 869968, *4, citing *State v. Haynes*, 11th Dist. Trumbull No. 93-T-4911, 1995 WL 237075, at 4-5. This court has explained that "by entering a plea of guilty, appellant waived the right to contest the effectiveness of his representation prior to the entry of the guilty plea if it did not cause less than a knowing and voluntary plea." *Haynes, supra,* at *1; see also *Madeline, supra.* "As a general proposition, the Supreme Court of Ohio has stated that a guilty plea 'represents a break in the chain of events which has preceded it in the criminal process.'" *Haynes, supra,* quoting *State v. Spates*, 64 Ohio St.3d 269, 272 (1992).

{¶14} We recognize that defense counsel's representations to the court do not match the specifics of the prosecutor's factual allegations. Defense counsel represented appellant committed the same acts against each victim. The prosecutor's recitation provided that, if the matter went to trial, the state would prove appellant, in an aroused condition, showered and cuddled with one victim; alternatively, the state alleged appellant showered, shaved, and washed the private area of the second victim. Appellant did not dispute the state's allegations at either the plea hearing or at sentencing. Appellant does not argue defense counsel's alleged misstatements prevented him from entering a

4

knowing, intelligent, and voluntary plea of guilty. In this respect, appellant has waived his ineffectiveness claim as it relates to the guilty plea.

{¶15} Even assuming appellant's argument was not waived, however, the record demonstrates appellant entered a valid plea. A plea of guilty is a complete admission of guilt to the allegations in the indictment. Crim.R. 11(B)(1). By implication, a valid guilty plea represents a complete admission to the state's rendition of the facts upon which the charges are based and which it represents it would prove had the matter proceeded to trial. Appellant does not dispute the state's factual allegations. And, during the plea hearing, the trial court requested appellant to read portions of his plea agreement regarding his waiver of rights and his admission to the offenses at issue. The trial court confirmed appellant understood the rights he was waiving and that he understood and had no questions about the effect of the plea; namely, that he admitted to committing the offenses at issue.

{¶16} We perceive no basis to conclude appellant's plea was not knowingly, intelligently, and voluntarily entered. In this respect, counsel was not ineffective during the plea process.

{¶17} Next, we fail to see how counsel's alleged misrepresentations at the plea hearing regarding the underlying criminal conduct had any impact upon the trial court's ultimate sentence. Even assuming trial counsel's representations might be inaccurate and, therefore, his performance in this narrow regard arguably fell below an objective standard of reasonableness, appellant cannot establish prejudice.

{¶18} At sentencing, defense counsel noted appellant had no criminal record. He argued that appellant might need some mental health assistance but asserted he did not think imprisonment was either necessary or required to protect the public. Counsel

5

therefore requested community control sanctions. In allocution, appellant apologized for his actions, but did not contest his guilt. And the state, after assessing the facts before the court, highlighted appellant's role as a parental figure and the exploitation of that role. The prosecutor also noted appellant appeared to be "candy-coating" his actions as "bad judgment" rather than criminally sexual conduct with minors. The prosecutor also emphasized that appellant's representations that alcohol and/or drugs had no role in the incidents made appellant's conduct potentially more problematic. The prosecutor pointed out that the lack of alcohol and/or drugs indicates appellant did not suffer from impaired judgment; and, as a result, his actions may simply reflect "who he is, to some extent."

{¶19} The prosecutor also read one of the victim's impact statements into the record. The victim detailed significant mental stress, trust issues with men, suicidal thoughts, and poor hygiene (due to her memories of appellant's actions). The victim also emphasized that appellant's conduct caused her younger sister great suffering as well; the victim ultimately requested the maximum term of imprisonment. In light of the foregoing, the trial court stated:

{¶20} "This Defendant, according to the Presentence Report, does not have a criminal history. However, looking at the seriousness factors, there was, apparently, permanent injury to both victims, so the Court will find that the more serious factors override the less serious factors. And with the Ohio Constitution of Marcy's law, the victims have requested the maximum prison sentence, and the Court finds that a term of maximum prison sentence is in order."

{¶21} The foregoing demonstrates the trial court listened to the parties and the victim's statement at the hearing. There is no suggestion the trial court relied upon defense counsel's previous statements regarding appellant's conduct that were allegedly

6

inaccurate. Appellant has therefore failed to show a reasonable probability that, but for counsel's purported error(s), his sentence would be different.

{¶22} Appellant's first assignment of error lacks merit.

{¶23} Appellant's second assignment of error provides:

{¶24} "The imposition of maximum and consecutive sentences is contrary to law."

{¶25} Appellant initially argues that defense counsel's misstatements at the plea hearing caused the trial court to improperly inflate his sentence. As discussed under his first assignment of error, however, the record does not support this assertion. This argument therefore lacks merit.

{¶26} Next, appellant claims the trial court erred in sentencing him to the maximum sentence on the two counts of gross sexual imposition to which he pleaded guilty.[1] Again, this argument is without merit.

{¶27} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * (a) [t]hat the record does not support the sentencing court's

---

1. Appellant points out that a defendant is subject to the sentencing scheme in effect at the time of his or her offense. *See, e.g., State v. Craig*, 110 Ohio St.3d 306, 2006-Ohio-4571, ¶121-122. The indictment charged the offenses within the time frame of May 23, 2015 – May 23, 2017 and September 7, 2015 – September 6, 2018. R.C. 2953.08(G)(2), the statute governing appellate review of consecutive sentences as well as R.C. 2929.24(C)(4), the statute governing the imposition of consecutive sentences have not substantively changed since 2015. Appellant, however, cites former R.C. 2929.14(C) for the proposition that, in order to impose maximum sentences, a trial judge was required to make certain factual findings. That provision of R.C. 2929.14(C), however, was found unconstitutional and excised from the Revised Code by the Supreme Court of Ohio in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus. Hence, that aspect of the former statute was no longer effective at the time of appellant's commission of the offenses.

findings under division * * * (C)(4) of section 2929.14, or * * * (b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶28} The Ohio Supreme Court has clarified the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and R.C. 2929.12 and held that it does not allow an appellate court to vacate a sentence based on "lack of support in the record for a trial court's findings" or to "independently weigh the evidence in the record and substitute its judgment for that of the trial court." *State v. Jones ,* 163 Ohio St.3d 242, 2020-Ohio-6729, ¶29, 42. In effect, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 or R.C. 2929.12." *Jones*, *supra*, at ¶39.

{¶29} "Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, 'neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record.'" *State v. Bryant*, 2022-Ohio-1878, at ¶20, quoting *Jones*, *supra*, at ¶20. The trial court expressly stated it considered the R.C. 2929.12 factors. Further, the record demonstrates the trial court ordered and reviewed the presentence investigation report and heard arguments in mitigation. There is consequently nothing to suggest the trial court failed to consider the R.C. 2929.12 factors. Appellant's argument lacks merit.

{¶30} Finally, appellant claims the trial court erred in ordering him to serve consecutive sentences. He argues the trial court correctly pointed out at the sentencing hearing that he had no criminal history. The trial court erred, however, in concluding, in its judgment entry on sentence, that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. He

8

additionally challenges the trial court's finding that at least two of the multiple offenses were committed as part of one or more courses of conduct. He maintains the facts fail to support he engaged in a "course of conduct" in committing the two offenses.

{¶31} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," *and* if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

{¶32} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶33} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶34} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14.

{¶35} "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and

9

Case No. 2022-A-0011

incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37.

{¶36} With the foregoing standards in mind, appellant is correct that the trial court erred in concluding appellant's criminal history justifies consecutive sentences. Appellant had no criminal history. This does not imply the trial court erred in imposing consecutive sentences. The record supports the trial court's remaining findings, not the least of which its determination that the offenses were part of a course of conduct.

{¶37} Ohio's sentencing statutes do not appear to define the phrase "course of conduct." The Second Appellate District has confronted this issue and noted:

{¶38} The term "course of conduct" is not defined in R.C. 2929.14, but other sources provide some guidance. The supreme court has held that, for purposes of a death specification in a case involving multiple murders, a course of conduct may be established by factual links, including time, location, weapon, cause of death, or similar motivation. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, ¶144. Ohio Jury Instructions has included this definition in at least one of its instructions. *See* 2 Ohio Jury Instructions 513.49(E)(6). Similarly, "some connection, common scheme, or some pattern or psychological thread that ties" offenses together can establish a single course of conduct. *State v. Sapp*, 105 Ohio St.3d 104, 2004-Ohio-7008, syllabus. *See also State v. Summers*, 2d Dist. Darke No. 2013 CA 16, 2014-Ohio-2441, ¶14.

{¶39} We conclude the Second District's explanation of the phrase "course of conduct" is persuasive.

{¶40} Here, according to the factual recitation at the plea hearing, appellant, while nude, showered with and, while aroused, "cuddled" one victim while in the shower. He also showered with the second victim, shaved her pubic region, and washed her private

10

area. The incidents are factually linked in that both victims were minor girls with whom appellant showered. Appellant's motive for each criminal act could be reasonably construed as a prurient interest in touching minor females while in a state of disrobe in a shower. There are common connections, patterns, and a similar psychological thread with each incident. We therefore conclude the trial court did not err in concluding appellant's actions represented a course of conduct and the harm was so great or unusual as to justify consecutive sentences.

**{¶41}** Appellant's second assignment of error lacks merit.

**{¶42}** For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

11