[Cite as *State v. Kaufmann*, 2023-Ohio-3528.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-A-0008 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| DAVID M. KAUFMANN, | Trial Court No. 2020 CR 00358 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: September 29, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christopher R. Fortunato*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Joseph R. Klammer*, The Klammer Law Office, LTD, The Historic Mentor Center Street School, 7482 Center Street, Unit 6, Mentor, OH 44060 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, David M. Kaufmann, appeals the judgment of the Ashtabula County Court of Common Pleas, denying his petition for post-conviction relief without a hearing. We affirm the trial court's judgment.

{¶2} Appellant was indicted on three counts of gross sexual imposition, felonies of the fourth degree, in violation of R.C. 2907.05(A)(1) and R.C. 2907.05(C)(1); he was also indicted on one count of gross sexual imposition, a misdemeanor of the third degree, in violation of R.C. 2907.06(A)(4) and R.C. 2907.06(C). He pleaded not guilty to the

charges. He later withdrew his plea of not guilty and entered into a plea of guilty to two counts of felony-four gross sexual imposition. At the plea hearing, the prosecutor advised the court that the following occurred:

> Your Honor, there were two different victims and two different dates. The first, Your Honor, he had gotten into the shower with the victim who was then 16, and they were showering together; both were nude. During this time, he would get an erection and at times cuddle with her in the shower.
>
> The other girl, who was 13 at the time, indicated she was having difficulty shaving other pubic hair. [Sic.] He proceeded to again get into the shower naked with her, assist her in shaving her, and they would wash with a washcloth her private areas.

{¶3}   Upon receiving the state's factual basis, the trial court asked appellant if he agreed with the state's recitation. Appellant's counsel responded with the following:

{¶4}   "Judge, as you heard the conversation between me and [the prosecutor] earlier, there's already been admissions, and an agreement by everybody who would be involved in this case, that that behavior did happen. We were discussing whether or not -- he showered with the girls and he did shave them. That's what happened."

{¶5}   The trial court then asked defense counsel whether appellant admitted the conduct, to which counsel stated, "[H]e does." Appellant interjected, stating: "And I -- from day one, I admitted that there was a responsibility to take care of, yes. But --." Defense counsel cut appellant off, stating: "That's enough."

{¶6}   The trial court ultimately sentenced appellant to an 18-month term of imprisonment for each count, to be served consecutively to one another.

{¶7}   Appellant appealed his conviction to this court arguing, inter alia, his trial counsel was ineffective for admitting conduct that was beyond that for which he was charged.  In particular, he asserted counsel misrepresented, on record, that he shaved

2

and showered with both victims when, in fact, he was alleged to have assisted in shaving just one of the victims. Appellant claimed this misrepresentation influenced the trial judge to sentence him to maximum, consecutive sentences. This court rejected appellant's argument and affirmed the trial court on September 30, 2022. *See State v. Kaufmann*, 11th Dist. Ashtabula No. 2022-A-0011, 2022-Ohio-3487 ("*Kaufmann I*").

{¶8} On November 7, 2022, appellant filed a petition for post-conviction relief alleging ineffective assistance of trial counsel premised upon evidence dehors the record. The state opposed the motion and the trial court denied the same without a hearing. This appeal followed.

{¶9} Appellant's first assignment of error provides:

{¶10} "The trial court erred in denying the petition for post-conviction relief."

{¶11} Under this assignment of error, appellant asserts the trial court erred in denying his petition without a hearing because he presented sufficient evidence dehors the record of trial counsel's ineffective assistance. Specifically, appellant contends trial counsel was likely on criminal probation during the pendency of the matter and was sentenced to drug and alcohol treatment. Trial counsel "effectively disappear[ed]" during the pendency of the underlying matter due to some unspecified "condition." Trial counsel allegedly forged a power of attorney on appellant's behalf, "demonstrating a deteriorating condition of trial counsel." And, in a separate case, trial counsel was found ineffective in a post-conviction relief proceeding, near the same time counsel was representing appellant, based on evidence submitted dehors the record.

{¶12} Appellant further asserts the discovery provided by the state included no allegations of force or threat of force as required by R.C. 2907.05(A)(1), yet trial counsel

3

encouraged appellant to plead guilty at the last minute. And trial counsel improperly assured appellant that he would be sentenced to probation, yet appellant received the maximum, consecutive sentences for the crimes to which he pleaded guilty.

{¶13} In light of the cumulative nature of the above allegations, which he maintains involve evidence dehors the record, appellant claims that he was deprived of effective assistance of counsel and the trial court erred in denying his petition based upon the doctrine of res judicata.

{¶14} In *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58, the Supreme Court of Ohio held that "a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion[.]" *See also State v. Martin*, 11th Dist. Trumbull No. 2017-T-0014, 2018-Ohio-3244, ¶ 20 (affirming the dismissal of a petition without a hearing).

{¶15} In *Gondorl*, at ¶ 51, the Supreme Court made clear that in matters relating to postconviction relief, the trial court's decision should be given deference:

> In postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing. In *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E.2d 905, paragraph two of the syllabus, this court held that a trial court could dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." This court reversed the judgment of the appellate court in *Calhoun*, holding that "the trial court did not abuse its discretion in dismissing the credibility of [the] affidavits," which served as the basis for his petition. * * * *Id.* at 286, 714 N.E.2d 905.

(Emphasis omitted.)

4

Case No. 2023-A-0008

{¶16} "When, however, a trial court denies a petition by operation of law, e.g., by application of the doctrine of res judicata, this court's review is de novo." *State v. Butcher*, 11th Dist. Portage No. 2013-P-0090, 2014-Ohio-4302, ¶ 6, citing *Zamos v. Zamos*, 11th Dist. Portage No. 2008-P-0021, 2009-Ohio-1321, ¶ 14, and *State v. Prade*, 2014-Ohio-1035, 9 N.E.3d 1072, ¶ 18 (procedural defects in a petition for postconviction relief, such as one that is barred by res judicata, are reviewed on appeal de novo). That said, "'a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing.'" *State v. Burke*, 11th Dist. Trumbull No. 2020-T-0013, 2020-Ohio-5474, ¶ 15, quoting *Calhoun* at 282, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). "'Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief[.]'" (Emphasis omitted.) *Burke* at ¶ 15, quoting *Calhoun* at 282-283.

{¶17} R.C. 2953.21, Ohio's postconviction relief statute, states, in pertinent part:

(A)(1)(a) A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

(i) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States;

* * *

(D) * * * Before granting a hearing on a petition filed under division (A)(1)(a) * * * of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.]

5

Case No. 2023-A-0008

* * *

> (F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * * [.]

{¶18}   "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), at syllabus. "In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell 'below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.'" *State v. Andrus*, 11th Dist. Ashtabula No. 2019-A-0082, 2020-Ohio-6810, ¶ 60, quoting *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus.

{¶19}  Further, a petition for post-conviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Application of the doctrine of res judicata prevents relitigation of issues that were already decided by a court and litigation of matters that should have been brought in a previous action. *State v. McDonald*, 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶ 21. "'When a defendant is represented by different counsel at trial and on direct appeal, res judicata ordinarily bars the relitigation of any ineffective assistance of counsel claims that could have been raised on direct appeal without reference to evidence dehors the record.'" *State v. Palmer*, 2018-Ohio-1486, 110 N.E.3d 981, (9th Dist.), ¶ 11, quoting *State v. Pannell*, 9th

6

Case No. 2023-A-0008

Dist. Wayne No. 98CA0034, 1999 WL 25618, *2 (Jan. 20, 1999), citing *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E. 2d 784 (1994), syllabus.

{¶20} "'A claim is not barred by the operation of res judicata to the extent a petitioner sets forth competent, relevant, and material evidence dehors the record.'" *State v. Vinson*, 11th Dist. Lake No. 2007-L-088, 2008-Ohio-3059, ¶ 32, quoting *State v. Delmonico*, 11th Dist. Ashtabula No. 2004-A-0033, 2005-Ohio-2882, ¶ 14 (citation omitted); *see also Cole* 2 Ohio St.3d at 114. "Generally, the introduction in an R.C. 2953.21 petition of evidence dehors the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of res judicata." *Cole* at 114.

{¶21} "To be genuinely relevant, the evidence dehors the record must materially advance the petitioner's claim and 'meet some threshold standard of cogency.'" *Delmonico*, at ¶ 14, quoting *State v. Schlee*, 11th Dist. Lake No. 97-L-121, 1998 WL 964291, *2 (Dec. 31, 1998). "In the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits 'evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" *State v. Sopjack*, 11th Dist. Geauga No. 96-G-2004, 1997 WL 585904, *3 (Aug. 22, 1997), quoting *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 WL 74756, *7 (Mar. 17, 1993).

{¶22} With respect to appellant's contentions regarding counsel's possible criminal probation, drug and alcohol treatment, and purported unexplained absence, we fail to see how any of these factors in any necessary way impeded counsel's effectiveness. Simply because counsel may have been on criminal probation and

7

sentenced to treatment does not imply his representation was deficient. And appellant does not provide any evidence that counsel was somehow impaired during his active representation (whether in court or outside of court). Further, even if counsel was inexplicably absent at some point during the pendency of appellant's case, the record reflects he was present at each hearing and that appellant was satisfied with counsel's representation. This evidence, while dehors the record, is premised upon speculation regarding counsel's ability to fairly and reasonably represent appellant and thus fails to materially advance appellant's claim of ineffectiveness. Indeed, it is unclear how the evidence, without more to buttress the speculative claim of counsel's alleged "deterioration" is even relevant to counsel's assistance in the underlying matter.

{¶23} In an additional effort to demonstrate trial counsel's representation was ineffective due to some unspecified "deteriorating condition," appellant submitted what he describes as a power of attorney in which counsel purportedly forged appellant's initials. Assuming counsel inscribed appellant's initials without his knowledge or consent, appellant asserts this document provides evidence that counsel had impaired judgment in his capacity as appellant's criminal attorney. We cannot agree.

{¶24} Appellant's claim is not linked directly to counsel's representation or recommendations in the underlying matter. The assertion has no bearing on whether appellant knowingly, intelligently, and voluntarily entered his plea. As a result, any arguable or alleged concern with counsel's "condition" (as it relates to the power of attorney) cannot operate as a basis for an ineffectiveness claim at the change-of-plea stage in this case.

{¶25} Next, appellant contends that the bill of particulars submitted by the state failed to suggest that appellant's actions, which led to the indictment, were committed with force or threat of force. In this respect, appellant asserts counsel was ineffective for recommending appellant plead guilty rather than test the state's evidence at trial and possibly obtain a jury instruction on a lesser included offense of misdemeanor sexual imposition.

{¶26} In *Kaufmann I*, 2022-Ohio-3487, at ¶ 13, this court emphasized:

> "[t]he mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea [is] not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. * * * Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." (Emphasis removed.) [*State v.*] *Madeline*, [11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, *3 (Mar 22, 2002)]*, citing *State v. Sopjack,* 11th Dist. Geauga No. 93-G-1826, 1995 WL 869968, *4, citing *State v. Haynes*, 11th Dist. Trumbull No. 93-T-4911, 1995 WL 237075, at 4-5. This court has explained that "by entering a plea of guilty, appellant waived the right to contest the effectiveness of his representation prior to the entry of the guilty plea if it did not cause less than a knowing and voluntary plea." *Haynes, supra,* at *1; *see, also, Madeline, supra.* "As a general proposition, the Supreme Court of Ohio has stated that a guilty plea 'represents a break in the chain of events which has preceded it in the criminal process.'" *Haynes, supra,* quoting *State v. Spates*, 64 Ohio St.3d 269, 272[,595 N.E.2d 351,] (1992).

{¶27} Furthermore, in *Kaufmann I*, at ¶ 15-16, appellant challenged counsel's effectiveness which necessitated an analysis of the validity of appellant's plea of guilty. After reviewing the record and, most importantly the transcript of the change-of-plea hearing, this court observed:

9

A plea of guilty is a complete admission of guilt to the allegations in the indictment. Crim.R. 11(B)(1). By implication, a valid guilty plea represents a complete admission to the state's rendition of the facts upon which the charges are based and which it represents it would prove had the matter proceeded to trial. Appellant does not dispute the state's factual allegations. And, during the plea hearing, the trial court requested appellant to read portions of his plea agreement regarding his waiver of rights and his admission to the offenses at issue. The trial court confirmed appellant understood the rights he was waiving and that he understood and had no questions about the effect of the plea; namely, that he admitted to committing the offenses at issue.

We perceive no basis to conclude appellant's plea was not knowingly, intelligently, and voluntarily entered. In this respect, counsel was not ineffective during the plea process.

{¶28} Under the law-of-the-case doctrine, a "'decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *State v. Akemon*, 173 Ohio App.3d 709, 2007-Ohio-6217, 880 N.E.2d 143, ¶ 10 (1st Dist.), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984). Without cogent, relevant, and material evidence dehors the record to impugn the validity of appellant's plea of guilty, it remains valid and binding law of the underlying case.

{¶29} With the foregoing in mind, the bill of particulars, which was appended to appellant's petition, seems to, for the most part, recite the indictment. And the indictment, as is not uncommon, fails to elucidate how the state intended to prove the element of force or threat of force. Still, both trial counsel's discovery demand and request for a bill of particulars were in the record. Furthermore, the state's bill of particulars is also in the record. Appellant's argument does not undermine the validity of his guilty plea. Rather, it relates to an aspect of counsel's representation which occurred *prior to* appellant's plea

10

of guilt. Any potential argument relating to counsel's ineffectiveness vis-à-vis his investigation of the evidence on the substantive element of force or threat of force was consequently waived via appellant's valid plea of guilty.

{¶30} As an adjunct to the above argument, appellant also contends the indictment suggests that one of the victims could have been an adult at the time the crimes took place. He notes that if the victims were both below the age of majority, the type of force or threat of force could be more easily established via circumstantial evidence. If, however, one of the victims was an adult, such proof becomes more difficult. As such, he concludes, counsel was ineffective for failing to fully explore the victim's ages. We disagree.

{¶31} At the plea hearing, the prosecutor, during his factual recitation, stated that one victim was 16 and one was 13. There was no objection to these factual representations. With this point in mind, counsel could have made the strategic decision to recommend accepting the plea of guilty, knowing, as appellate counsel for appellant observes, that force or threat of force as that element relates to victims under the age of majority is easier for the state to establish than if the victims were of majority age. *See, e.g., State v. Eskridge,* 38 Ohio St.3d 56, 58, 526 N.E.2d 304 (1988). (There is coercion inherent in parental authority or one in loco parentis where sexual abuse of a child occurs. Such coercion can be subtle and psychological.)[1] Regardless, appellant's argument relating to the relative age of one of the victims did not affect the knowing, intelligent and

---

1. Although *Eskridge* was a rape case, the force element needed to prove the offense of gross sexual imposition is the same as it is for rape. *See State v. Riggs*, 10th Dist. Franklin No. 04AP-1279, 2005-Ohio-5244, ¶ 20. And Ohio courts routinely apply the *Eskridge*-force analysis to gross-sexual-imposition cases. *Id.*, citing cases from various Ohio appellate districts.

11

Case No. 2023-A-0008

voluntary character of the plea. As a result, as with the previous argument, appellant waived this challenge by entering a valid guilty plea.

{¶32} Next, appellant asserts counsel promised him he would be sentenced to probation rather than prison. As a result, and in light of the maximum, consecutive terms he received, he argues counsel was ineffective. We do not agree.

{¶33} Appellant attached a printed photograph of a text exchange he had with trial counsel regarding prospective sentences. The messages indicate they were sent just prior to appellant's sentencing hearing. During the dialogue, appellant asks, "Are you confident that we're going into a situation that's going to be probation[?]" To which counsel responded, "Yes less the victims. Never heard a word from the girls or their mom ever." Counsel's representation indicates he is "confident" that appellant might receive probation. Counsel's representation was conditional and merely advances an opinion, not a guarantee. We therefore conclude counsel did not promise appellant he would receive probation.

{¶34} Moreover, at the change-of-plea hearing, the trial court advised appellant of the minimum and maximum prison terms it could impose. The trial court also advised appellant that there is no mandatory presumption for prison. Nevertheless, the trial court emphasized that the nature and duration of the sentence was within the court's "sole discretion." Appellant acknowledged he understood.

{¶35} Appellant was aware that probation was possible, but also aware he could be sent to prison for up to 18 months on each count to which he pleaded guilty. Counsel's representations, while hopeful, cannot be viewed as a promise that appellant would receive probation, especially in light of the court's advisements at the change-of-plea

12

hearing. Counsel's performance cannot be deemed deficient based upon the representation that he was "confident" that appellant would receive probation.

{¶36} Appellant next notes that, in the context of a guilty plea, a party need only show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Appellant then cites the United States Supreme Court decision in *Lee v. United States*, 582 U.S. 357, 137 S.Ct. 1958, 198 L.Ed.2d 476 (2017). Pursuant to *Lee*, appellant contends that, in the context of an ineffectiveness claim, "[t]he decision whether to plead guilty * * * involves assessing the respective consequences of a conviction after trial and by plea. * * * When those consequences are, from the defendant's perspective, similarly dire, even the smallest chance of success at trial may look attractive." *Id.* at 367. *Lee* addressed a situation in which a defendant was wrongly advised that he was not subject to mandatory deportation in relationship to his plea of guilty and is therefore inapposite and distinguishable.

{¶37} In *Lee*, the defendant was able to demonstrate deficient performance via inaccurate advice pertaining to mandatory deportation. Here, there is nothing to suggest that counsel's advice was inherently or necessarily inaccurate—appellant simply received an unfavorable sentence after entering a valid guilty plea. Moreover, *Lee* principally addresses the prejudice prong of the ineffective-assistance analysis in the context of a mandatory-deportation case. The Court noted that when the inquiry is focused on what the individual defendant would have done, the possibility of even a highly unlikely result may be relevant to the extent it would have affected the defendant's decision. *Lee* at 368. The Court observed that "[c]ourts should not upset a plea solely because of post

13

hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 369. Rather, they should "look to contemporaneous evidence to substantiate a defendant's expressed preferences*." Id.* In effect, the holding in *Lee* is premised upon the recognition that mandatory deportation and imprisonment is inherently different than mere imprisonment alone. The Court's resolution of *Lee* as well as its predecessors and progeny are narrow and specific to the circumstances of a defense attorney's wrong advice relating to mandatory deportation. Facts unrelated to this case.

{¶38} Next, appellant appears to argue that counsel was ineffective for failure to file a motion to sever the offenses for purposes of trial. As discussed above, however, by pleading guilty, appellant waived the ability to contest any arguable errors other than those that affect the validity of his guilty plea. We fail to see how failing to file a motion to sever in any way impacted the knowing, intelligent, and voluntary character of the plea.

{¶39} Finally, appellant draws this court's attention to a separate case in which a petition for post-conviction relief was granted based upon evidence dehors the record wherein trial counsel represented a different defendant. Simply because a petition in another case was granted on ineffective assistance grounds does not imply counsel was ineffective in this case. Indeed, it is unclear how the separate case is relevant to the matter sub judice. As detailed throughout this opinion, we fail to discern from the filings attached to appellant's petition that counsel's representation was deficient such that appellant suffered prejudice. The separate case has no direct bearing on this conclusion.

{¶40} Appellant did present some evidence dehors the record in support of his claim of ineffective assistance. As discussed above, however, the evidence does not materially advance his claim. Because we conclude appellant failed to establish

14

substantial grounds for relief on the basis of ineffective assistance of counsel, we additionally conclude the trial court was not required to hold a hearing on the petition.

**{¶41}** Appellant's first assignment of error lacks merit.

**{¶42}** Appellant's second assignment of error provides:

**{¶43}** "Trial court erred in failing to explain the denial of the petition for post-conviction relief."

**{¶44}** Under this assignment of error, appellant claims the trial court failed to provide adequate findings of fact and conclusions of law for proper appellate review. We do not agree.

**{¶45}** R.C. 2953.21(H) provides, in relevant part: "If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." Here, in its judgment entry, the trial court detailed the claims set forth in appellant's petition and noted that he alleged ineffective assistance in *Kaufmann I*. The court conceded appellant did not raise the arguments in *Kaufmann I*, but underscored that, by pleading guilty, he waived the right to contest counsel's ineffectiveness once he entered a valid guilty plea. Although our analysis of appellant's arguments on appeal go into greater depth than the trial court's entry, this does not imply the trial court failed to comply with the dictates of R.C. 2953.21(H). The court rendered findings of fact and conclusions of law. Even if this court differs with the trial court's rationale, we conclude its entry is sufficient and its ultimate disposition is sound.

**{¶46}** Appellant's second assignment of error lacks merit.

15

{¶47} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.